

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-75,134-03

### EX PARTE DANA ABDOLAHI-DAMANEH, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. W05-00507-W(C) IN THE 363RD DISTRICT COURT FROM DALLAS COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of the offense of aggravated robbery and sentenced to imprisonment for forty years. The Fifth Court of Appeals affirmed Applicant's conviction in *Abdolahi-Damaneh v. State*, No. 05-05-01312-CR (Tex. App.—Dallas 2007)(not designated for publication).

Applicant contends that the State withheld favorable evidence from the defense in violation of *Brady v. Maryland,* 373 US 83 (1963). Applicant also alleges that newly discovered mitigating evidence exists that entitles him to a new punishment hearing.

Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall provide the prosecutor with the opportunity to respond to Applicant's claim that material, exculpatory evidence was improperly suppressed. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

It appears that Applicant is represented by counsel. The trial court shall determine whether Applicant is represented by counsel, and if not, whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the State withheld material evidence that Applicant was not the person who planned and directed the offense. The trial court shall also make findings of fact and conclusions of law as to whether there is a reasonable probability that the outcome of the punishment phase of Applicant's trial would have been different based on the newly discovered mitigating evidence. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: August 22, 2018
Do not publish